U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 17 2018

TONY R. MOORE, CLERK
BY: _____
    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **REBECCA RILEY** | **DOCKET NO.: 1:16-cv-01340** |
| **VERSUS** | |
| **WAL-MART LOUISIANA, L.L.C.** | **JUDGE DEE D. DRELL**<br>**MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING

Before the court is a motion for summary judgment (Doc. 45) filed by Wal-Mart Louisiana, L.L.C. ("Wal-Mart") in which it seeks dismissal of all claims asserted against it by the plaintiff, Rebecca Riley.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anders on v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir.2011)(internal citations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

The facts of the case are that on July 13, 2014, Ms. Riley, her daughter, and her granddaughter made plans generally to visit the Wal-Mart store located on Highway 425 in Vidalia, Louisiana, but they decided to delay the visit because of rainy weather. Once the rain turned to a sprinkle, the three made their way to Wal-Mart.

Ms. Riley entered the Wal-Mart vestibule through the first set of double doors, stepped in water, slipped, and fell. Ms. Riley was talking to her daughter as she entered the store and did not see the water. Neither mats nor caution cones were located in the area to alert customers of the presence of water.

Ms. Riley immediately notified Wal-Mart employee Pamela Johnson that she fell. She further advised that she believed she was fine except for pain in her knee. Ms. Riley went about her shopping and Ms. Johnson asked a fellow employee to put mats down for safety. Ms. Riley returned to the customer service desk and notified Ms. Johnson that: her knee was substantially worse and she planned to go to the emergency room.

Ms. Riley's claims are brought pursuant to the Louisiana Merchant Liability Act, Louisiana Revised Statute §9:2800.6. The relevant portion of the statute provides:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La.R.S. 9: 2800.6(B)(2).

Wal-Mart contends plaintiff, Ms. Riley, cannot carry her burden of proof as set forth in §9:2800.6(B)(2), in her position that Wal-Mart either created or had actual or constructive notice of the water in the vestibule. Specifically, Wal-Mart contends Ms. Riley cannot produce positive evidence that the water existed for a period of time sufficient to place store personnel on notice. See Duncan v. Wal-Mart Louisiana, L.L.C., 869 F.3d 406, 410 (5th Cir.2017) citing White, 699 So.2d at 1082; accord Williamson v. Wal-Mart Stores, Inc., 130 So.3d 478, 482 (La. App. 2 Cir. 2014). See also, Flowers v. Wal-Mart, 99 So.3d 696, 699 (La. 2012)(citing White, 699 So.2d at 1084). "[M]ere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6." Allen v. Wal–Mart Stores, Inc., 850 So.2d 895, 898 (La.App. 2 Cir. 2003) (citing Robinson v. Brookshires #26, 769 So.2d 639 (La.App. 2 Cir. 2000). See Richard v. Liberty Mut. Ins. Co., 123 So.3d 345, 349 (La.App. 3 Cir. 2013) ("Mere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact.") (citing Sears v. Home Depot, USA, 943 So.2d 1219, 1228 (La.App. 4 Cir. 2006). Plaintiff bears this burden of proof and "the failure to prove any of these elements is fatal to the claimant's cause of action." White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1082 (La. 1997).

Ms. Riley argues her case is analogous to Bassett v. Toys "R" Us Delaware, Inc., 836 So2d 465 (La.App. 2 Cir. 2002) in which a plaintiff entered the store on a rainy day, slipped in a puddle of rain water and fell. Though those facts are analogous, the case as a whole is not. The plaintiff in Bassett presented direct evidence that the rain water was on the floor and had been there for some time: "Ms. Graves [the Toys "R" Us employee] **knew** the floor at the store's only entrance was slippery because it had been raining 'really hard' that morning and she was **aware** that rain water **was being tracked** into the store by customers." Id. at 469 (emphasis supplied).

3

In the instant case there is no direct evidence that anyone knew water was on the floor of the vestibule much less that it remained there for a period of time long enough to have noticed it. Instead, Ms. Riley speculates to all of the following: because Wal-Mart employees were seen on surveillance video looking outside and walking in and out of the vestibule, they knew it was sprinkling; because it was sprinkling, water was tracked in from outside; because they knew it was raining, they should have implemented Wal-Mart's Inclement Weather Policy; and, because they did not implement the Inclement Weather Policy, Ms. Riley slipped and fell that day. The bit of direct evidence Ms. Riley did provide from the store employee, in opposition to this motion is silent as to whether there actually was water on the floor and Ms. Johnson's testimony was that she had not known it rained that day.

As speculation is insufficient to establish actual or constructive notice, Ms. Riley has failed to establish an essential element of her claim under §9:2800.6. This failure establishes that Wal-Mart's motion for summary judgment should be granted and the claims against it dismissed with prejudice. The court will issue a judgment in conformity with these findings.

**SIGNED** this 17 day of May, 2018 at Alexandria, Louisiana.

**JUDGE DEE D. DRELL**
**UNITED STATES DISTRICT COURT**